IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUGARLAND HEALTH AND WELLNESS, LLC; TEXAS INPATIENT CONSULTANT, LLC<br>*Plaintiff,*<br><br>v.<br><br>NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY<br>*Defendant.* | §§§§§§§§§§§ | CIVIL ACTION NO. 4:19-cv-3091 |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Sugarland Health and Wellness LLC; Texas Inpatient Consultant, LLC v. Nationwide Property and Casualty Insurance Company*; Cause No. 19-DCV-264599; In the 434th Judicial District of Fort Bend County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Sugarland Health and Wellness, LLC[1] and Texas Inpatient Consultant, LLC initiated the present action by filing their Original Petition in Cause No. 19-DCV-264599; In the 434th Judicial District of Fort Bend County, Texas on July 18, 2019 (the "State Court Action").[2]

---

[1] Although identified as "Sugarland Health and Wellness, LLC," upon information and belief and after a diligent search of publicly available information, the proper legal name of this entity is "Sugar Land Health & Wellness, L.L.C." This Notice of Removal will refer to "Sugar Land Health and Wellness, L.L.C." as a plaintiff in this case instead of "Sugarland Health and Wellness, LLC."

[2] *See* Plaintiff's Original Petition, attached as Exhibit A. The Original Petition is unclear as to whether this case includes one or two plaintiffs. Plaintiff's Original Petition refers "Sugarland Health and Wellness, LLC; Texas Inpatient Consultant, LLC" as a singular entity. *See* Exhibit A, at ¶ 2. However, upon

2. Nationwide appeared and answered on August 16, 2019, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[3]

3. Pursuant to 28 USC § 1446(a), a copy of all process, pleadings, and orders served upon Nationwide in the State Court Action are incorporated in **Exhibit A**. Pursuant to Southern District of Texas Local Rule 81(2) all pleadings and answers thereto filed in the State Court Action are attached as **Exhibits A and B**. Pursuant to Southern District of Texas Local Rule 81(4), a copy of the State Court Action docket sheet is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will provide written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 434th Judicial District of Fort Bend County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Nationwide of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. "To determine whether jurisdiction is present for removal, the

---

information and belief, Sugar Land Health & Wellness, L.L.C. and Texas Inpatient Consultants, LLLP are two distinct legal entities both doing business in Fort Bend County, Texas. This Notice of Removal will therefore refer to Sugar Land Health & Wellness, L.L.C. and Texas Inpatient Consultants, LLLP collectively as "Plaintiffs." Further, upon information and belief, and after conducting a diligent search, it appears "Texas Inpatient Consultant, LLC" as named in the Original Petition is not a Texas entity. A diligent search of publicly available information shows that the entity's proper name is "Texas Inpatient Consultants, LLLP." Therefore, this Notice of Removal will refer to "Texas Inpatient Consultants, LLLP" as a plaintiff in this case instead of "Texas Inpatient Consultant, LLC."

[3] *See* Nationwide's Original Answer, attached as Exhibit B.

2

court considers the claims in the state-court petition as they existed at the time of removal."[4] As explained below, the facts presently existing establish that removal is proper in this case because the parties are completely diverse and the amount in controversy exceeds $75,000.

**A.     Diversity of Parties**

7.      For diversity purposes, citizenship of both limited liability companies and limited partnerships are determined by the citizenship of the members of each entity.[5] As explained below, after a diligent search of publicly available information and records and upon information and belief, Plaintiffs Sugar Land Health & Wellness, L.L.C. and Texas Inpatient Consultants, LLLP are each distinct Texas entities. Nationwide has no reason to believe that any members of either plaintiff share the citizenship of Nationwide.[6] As a result, complete diversity exists in this case and removal is proper.

*a.     Citizenship of Sugar Land Health & Wellness, L.L.C.*

8.      Plaintiff Sugar Land Health & Wellness, L.L.C. is a Texas limited liability company and maintains its principal place of business in Texas. Citizenship of a limited liability company is determined by the citizenship of all of its members.[7] A diligent search of publicly available information on the members of Sugar Land Health & Wellness, L.L.C. has been conducted and Dominic Sreshta and Anita Sreshta are the only members who can be identified

---

[4]     *Mangumo v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5]     *MidCap Media Finance, LLC v. Pathway Delta, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is determined by the citizenship of all of its members); *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 766 (S.D. Tex. 2007) (the citizenship of a limited partnership is determined by the citizenship of all of its members).

[6]     *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. CV SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after this inquiry, Defendants are still unable to identify the members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief") (internal citations omitted).

[7]     *MidCap Media Finance,* 929 F.3d at 314; *Harvey*, 542 F.3d at 1080.

based on public records. The Articles of Organization for a Texas Limited Liability Company Act filed by Sugar Land Health & Wellness, L.L.C. identifies only Dominic Sreshta and Anita Sreshta as members. The Texas Franchise Tax Public Information Report for the report year 2018 that was filed by Sugar Land Health & Wellness, L.L.C. with the Texas Secretary of State lists only Dominic Sreshta as a member.

9.  After a diligent search of publicly available information, Dominic Sreshta and Anita Sreshta are citizens of the state of Texas. No other members of Sugar Land Health & Wellness, L.L.C. were discovered through a diligent search and review of publicly available records and Nationwide has no reason to believe that any members share the citizenship of Nationwide. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff Sugar Land Health & Wellness, L.L.C. is a citizen of the state of Texas.

### b. *Citizenship of Texas Inpatient Consultants, LLLP*

10.  Plaintiff Texas Inpatient Consultants, LLLP is a Texas limited liability limited partnership. Citizenship of a limited partnership is determined by the citizenship of all of its members.[8] A diligent search of publicly available information on the members of Texas Inpatient Consultants, LLLP has been conducted. From this review, Nationwide has identified Sreshta Management, PLLC, Himalaya Ventures, LP, and Emmanuel Opara[9] as members who can be identified based on public records and documents. The Texas Inpatient Consultants, LLLP Certificate of Formation of a Limited Partnership filed on January 8, 2009 lists only Sreshta Management, PLLC as a general partner of Texas Inpatient Consultants, LLLP. The Texas

---

[8] *Harvey*, 542 F.3d at 1080.

[9] Upon information and belief, and after a diligent search of publicly available information, the Texas Franchise Tax Public Information Report for report year 2016 filed by Texas Inpatient Consultants, LLLP incorrectly spelled Mr. Opara's name as Emmanuel Opera.

Franchise Tax Public Information Report for report year 2016 filed by Texas Inpatient Consultants, LLLP identifies Sreshta Management, PLLC, Himalaya Ventures, LP, and Mr. Opara as partners of Texas Inpatient Consultants, LLLP. As explained below, Sreshta Management, PLLC, Himalaya Ventures, LP, and Mr. Opara each citizens of Texas and therefore Texas Inpatient Consultants, LLLP is a Texas citizen.

         i.  *Sreshta Management, PLLC is a citizen of the State of Texas.*

11. Sreshta Management, PLLC is a Texas professional limited liability company. Citizenship of a professional limited liability company is determined by the citizenship of all of its members.[10] A diligent search of publicly available information on the members of Sreshta Management, PLLC has been conducted. From this review, Nationwide has identified Dominic Sreshta as the lone member of Sreshta Management, PLLC who can be identified based on public records. The Sreshta Management, PLLC Certificate of Formation of a Professional Limited Liability Company filed on December 3, 2008 lists Dominic G. Sreshta, MD as the sole manager of Sreshta Management, PLLC. The Texas Franchise Tax Public Information Report for report year 2018 filed by Sreshta Management, PLLC lists Dominic G. Sreshta as the president of Sreshta Management, PLLC. After a diligent search of publicly available documents and records, Dominic G. Sreshta is a citizen of Texas. No other members of Sreshta Management, PLLC were discovered through a diligent search and review of publicly available records and Nationwide has no reason to believe that any members share the citizenship of Nationwide. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Sreshta Management, PLLC is a citizen of the state of Texas.

---

[10] *MidCap Media Finance,* 929 F.3d at 314; *Harvey*, 542 F.3d at 1080.

       *ii.*  *Himalaya Ventures, LP is a citizen of the State of Texas.*

  12.  Himalaya Ventures, LP is a Texas limited partnership. Citizenship of a limited partnership is determined by the citizenship of all of its members.[11] A diligent search of publicly available information on the members of Himalaya Ventures, LP has been conducted. From this review, Nationwide has identified Star of India Management, LLC and Dominic Sreshta as members of Himalaya Ventures, LP who can be identified based on public records. The Himalaya Ventures, LP Certificate of Formation of a Limited Partnership filed on December 9, 2008 lists Star of India Management, LLC as the sole general partner of Himalaya Ventures, LP. The Texas Franchise Tax Public Information Report for report year 2018 filed by Himalaya Ventures, LP lists Dominic Sreshta as the managing partner of Himalaya Ventures, LP. After a diligent review of all publicly available information, Dominic G. Sreshta is a citizen of Texas. As explained below, Star of India Management, LLC is also a citizen of the State of Texas. Therefore, since all members of Himalaya Ventures, LP are citizens of Texas, Himalaya Ventures, LP is also a citizen of Texas.

  13.  Star of India Management, LLC is a Texas limited liability company. Citizenship of a limited liability company depends upon the citizenship of its members. A diligent search of publicly available information on the members of Star of India Management, LLC has been conducted. From this review, Nationwide has identified Dominic Sreshta and Anita Sreshta as the sole members of Star of India Management, LLC that can be identified based on public records. The Star of India Management, LLC Certificate of Formation of a Limited Liability Company filed on December 9, 2008 lists Dominic G. Sreshta and Anita Sreshta as the managers of Star of India Management, LLC. The Texas Franchise Tax Public Information Report for

---

[11]  *Deep Marine Tech., Inc.*, 515 F. Supp. 2d at 766.

report year 2017 filed by Star of India Management, LLC lists only Dominic Sreshta as a member. Based on a diligent review of publicly available information, both Dominic Sreshta and Anita Sreshta are citizens of the state of Texas. No other members of Star of India Management, LLC were discovered through a diligent search and review of publicly available records and Nationwide has no reason to believe that any members share the citizenship of Nationwide. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Star of India Management, LLC is a citizen of the state of Texas.

14. No other members of Himalaya Ventures, LP were discovered through a diligent search and review of publicly available records and Nationwide has no reason to believe that any members share the citizenship of Nationwide. Therefore, since all members of Star of India Management, LLC are citizens of the state of Texas and Dominic G. Sreshta is a Texas citizen, based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Himalaya Ventures, LP is a citizen of the state of Texas.

        *iii.     Mr. Opara is a citizen of the State of Texas.*

15. The Texas Franchise Tax Public Information Report for the report year 2016 lists Mr. Opara as a partner of Texas Inpatient Consultants, LLLP. After a diligent review of publicly available information and records, Mr. Opara is a citizen of the State of Texas and Nationwide has no reason to believe that Mr. Opara shares the citizenship of Nationwide.

16. No other members of Texas Inpatient Consultants, LLLP were discovered through a diligent search and review of publicly available records, and Nationwide has no reason to believe that any members share its citizenship. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff Texas Inpatient Consultants, LLLP is a citizen of the State of Texas because all members of this entity are Texas citizens.

### c. *Citizenship of Nationwide Property and Casualty Insurance Company*

17. Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

18. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

19. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[12] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[13] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[14] Here, the Original Petition states "Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney's fees."[15] Plaintiffs further seek compensation for (1) actual damages in the amount of $217,958.14,[16] (2) pre- and post-judgment interest; (3) attorney's fees, and (4) treble damages.[17] Therefore, it is facially apparent from Plaintiffs' Original Petition that the amount in

---

[12]    28 U.S.C. § 1446(c)(2); *see also Pena v. Home Depot U.S.A., Inc.*, 32 F. Supp. 3d 747, 750 n. 3 (S.D. Tex. 2012).

[13]    *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[14]    *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[15]    Exhibit A, Plaintiff's Original Petition, at ¶ 59.

[16]    *Id.* at ¶ 51.

[17]    *Id.* at § Prayer.

8

controversy exceeds $75,000. As a result, Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

20.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

21.     WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

                                Respectfully submitted,

                                */s/ Patrick M. Kemp*
                                Patrick M. Kemp
                                Texas Bar No. 24043751
                                Southern District No. 38513
                                pkemp@smsm.com
                                Segal McCambridge Singer and Mahoney
                                100 Congress Ave., Suite 800
                                Austin, Texas 78701
                                (512) 476-7834
                                (512) 476-7832 – Facsimile

                                **ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
Southern District No. 2970159
ddilizia@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CMRRR this the 19th day of August, 2019 to:

Chad T. Wilson*# 9414 7266 9904 2137 9602 90*
Patrick C. McGinnis
Chad T. Wilson Law Firm PLLC
455 E Medical Center Blvd, Ste 55
Webster, Texas 77598
eservice@cwilsonlaw.com
pmcginnis@cwilsonlaw.com
*/s/ Patrick M. Kemp*
Patrick M. Kemp