

# Notice of Service of Process

**A3M / ALL**
**Transmittal Number: 20165997**
**Date Processed: 07/31/2019**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company |
| **Title of Action:** | Sugarland Health and Wellness, LLC vs. Nationwide Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, TX |
| **Case/Reference No:** | 19-DCV-264599 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/30/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Chad T. Wilson Law Firm PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**DEFENDANT'S EXHIBIT A**

SERVICE FEE COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701-3218

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **JULY 18, 2019,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-264599** and is styled:

**SUGARLAND HEALTH AND WELLNESS, LLC; TEXAS INPATIENT CONSULTANT, LLC VS NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON
CHAD T WILSON LAW FIRM PLLC
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER TX 77598
832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 24th day of July, 2019.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
Deputy District Clerk ERICA RODRIGUEZ
Telephone: **(281) 633-7612**

SERVICE

19-DCV-264599          434th Judicial District Court

Sugarland Health and Wellness, LLC; Texas Inpatient Consultant, LLC vs Nationwide Property and Casualty Insurance Company

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____ at _____ o'clock and executed _____ _____, on the _____, by delivering to the within named _____ _____ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

**CMRRR# 9414 7266 9904 2140 9961 70**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
Deputy District Clerk  Erica Rodriguez

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
            (First, Middle, Last)

_____, and my address is _____
                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,
on the day of _____.

                                    _____
                                    Declarant / Authorized Process Server

                                    _____
                                    (Id # & expiration of certification)

**SERVICE**
Citation (By Certified Mail) issued to Nationwide Property and Casualty Insurance Company on 7/24/2019

Filed
7/18/2019 11:42 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Erica Rodriguez

CAUSE NO. __19-DCV-264599__

| | | |
|---|---|---|
| SUGARLAND HEALTH AND WELLNESS, LLC; TEXAS INPATIENT CONSULTANT, LLC | § § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | FORT BEND COUNTY, TEXAS |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § § | Fort Bend County - 434th Judicial District Court _____ DISTRICT COURT |
| *Defendant.* | § § | |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Sugarland Health and Wellness, LLC; Texas Inpatient Consultant, LLC ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Nationwide Property and Casualty Insurance Company (Nationwide) (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

**PARTIES**

2. Plaintiff, Sugarland Health and Wellness, LLC.; Texas Inpatient Consultant, LLC resides in Fort Bend County, Texas.

3. Defendant, Nationwide Property and Casualty Insurance Company, is an Ohio insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Nationwide, through its registered agent for service: **Corporation**

**Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over Nationwide because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Nationwide's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for breach of contract, negligence, gross negligence, negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owns a Nationwide Property and Casualty Insurance Company insurance policy, number ACPBPOK5556289228 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at **16701 Creek Bend Drive Sugarland, Texas 77478** ("the Property").

8. Nationwide or its agent sold the Policy, insuring the Property, to Plaintiff. Nationwide Property represented to Plaintiff that the Policy included hail and windstorm on or about August 27, 2017, the Property sustained extensive damage resulting from a severe storm

2

that passed through the Sugarland/Fort Bend County, Texas area.

9. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Nationwide against the Policy for damage to the Property. Nationwide assigned claim number 907445-GF to Plaintiff's claim.

10. Plaintiff asked Nationwide to cover the cost of damage to the Property pursuant to the Policy.

11. Nationwide hired or assigned its agent, Rhines, to inspect and adjust the claim. Rhines conducted an inspection on or about September 23, 2017, according to the information contained in his estimate. Rhines's findings generated an estimate of damages totaling $16,415.57. After application of depreciation and $19,103.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

12. Nationwide, through its agent, Rhines, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13. Nationwide and Rhines have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Rhines found damage to less than 10 squares of single ply membrane on Plaintiff's roof. The third-party inspector hired to review the damage to the Property found damage to the entire single ply membrane roofing. In addition, the third-party inspector found damage to flashings, exhaust cap, HVAC unit, and roof jack that were completely absent from Rhines's estimate. The storm compromised the integrity of the roof allowing water to travel into and cause damage to several interior rooms of the commercial Property.

14. The damage to Plaintiff's Property is currently estimated at $217,958.14.

15. Rhines had a vested interest in undervaluing the claims assigned to him by Nationwide in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Rhines.

16. Furthermore, Rhines was aware of Plaintiff's $19,103.00 deductible prior to inspecting the Property. Rhines had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

17. Rhines misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Rhines made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18. After reviewing Plaintiff's Policy, Rhines misrepresented that the damage was caused by non-covered perils. Rhines used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

19. As stated above, Nationwide and Rhines improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Nationwide and Rhines misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

20. Nationwide and Rhines made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Nationwide and Rhines made these false representations with the intent that Plaintiff act in

accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Rhines.

21. Plaintiff relied on Nationwide and Rhines's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

22. Upon receipt of the inspection and estimate reports from Rhines, Nationwide failed to assess the claim thoroughly. Based upon Rhines's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Nationwide failed to provide coverage due under the Policy, and Plaintiff suffered damages.

23. Because Nationwide and Rhines failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

24. Furthermore, Nationwide and Rhines failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Rhines performed an unreasonable and substandard inspection that allowed Nationwide to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

25. Nationwide and Rhines's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas

Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

26. Nationwide and Rhines's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Nationwide and Rhines have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Nationwide and Rhines have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

27. Nationwide and Rhines's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Nationwide and Rhines failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

28. Additionally, after Nationwide received statutory demand on or about 04/23/2019, Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

29. Nationwide and Rhines's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Rhines performed a biased and intentionally substandard inspection designed to allow Nationwide to refuse to provide full coverage to Plaintiff under the Policy.

30. Specifically, Nationwide and Rhines performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of

Plaintiff's losses on the Property.

31. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Rhines subpar inspection, Nationwide failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

32. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Rhines's intentional undervaluation of Plaintiff's claims, Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Rhines's understatement of the damage to the Property caused Nationwide to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

33. Nationwide and Rhines's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY

34. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

35. Nationwide is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then,

35. ... that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiff.

36. Nationwide's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

38. Nationwide's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

39. Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

40. Nationwide's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

41. Nationwide's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

43. Nationwide's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45. Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Nationwide knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

46. Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Nationwide pursuant to the DTPA. Plaintiff has met all

conditions precedent to bring this cause of action against Nationwide. Specifically, Nationwide's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Nationwide represented to Plaintiff that the Policy and Nationwide's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Nationwide represented to Plaintiff that Nationwide's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

10

conditions precedent to bring this cause of action against Nationwide. Specifically, Nationwide's violations of the DTPA include, without limitation, the following matters:

A.  By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Nationwide represented to Plaintiff that the Policy and Nationwide's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Nationwide represented to Plaintiff that Nationwide's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

10

> Nationwide's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G. Nationwide's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

47. Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiff's damages. All of Nationwide's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

48. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

49. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

50. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

51. Plaintiff currently estimates that actual damages to the Property under the Policy are $217,958.14.

52. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

53. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

54. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Nationwide owed, exemplary damages, and damages for emotional distress.

12

57. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Nationwide Property and Casualty Insurance Company, Inc., be cited and served to appear, and that upon trial hereof, , recovers from Defendant, Nationwide Property and Casualty Insurance Company, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587

Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

BEVERLEY MCGREW WALKER
FORT BEND COUNTY
DISTRICT CLERK
301 JACKSON
RICHMOND, TX 77469

OFFICIAL BUSINESS

Penalty for Private Use


CERTIFIED MAIL®

9414 7266 9904 2140 9961 70
RETURN RECEIPT REQUESTED


U.S. POSTAGE >> PITNEY BOWES
ZIP 77469 $ 007.75⁰
02 4W
0000365023 JUL 25 2019

NATIONWIDE PROPERTY AND CASUALTY INSUR
COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN, TX 78701-3218